JUDGE KATHLEEN CARDONE    FILED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**    2023 AUG 18  PM 12: 47
**EL PASO DIVISION**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY

| | |
|---|---|
| **MANUEL GUADIAN,** | § § § |
| **Plaintiff,** | § § |
| v. | § § |
| **AMERICOR FUNDING, LLC** | § |
| d/b/a **AMERICOR FINANCIAL** | § |
| a Delaware Corporation and **BANIR GANATRA** | § § |
| | § § § § |
| **Defendants.** | § § |

# EP23CV0310

## PLAINTIFF'S ORIGINAL COMPLAINT

Pro Se Plaintiff Manuel Guadian files this Complaint against Defendants

AMERICOR FUNDING, LLC d/b/a AMERICOR FINANCIAL and BANIR

GANATRA for violations of (1) the Federal Telephone Consumer Protection Act

("TCPA") and its regulations and the (2) the Texas Business and Commerce Code

"TBCC" law governing telephone solicitations, alleging as follows.

## PARTIES

1.      Plaintiff MANUEL GUADIAN ("Plaintiff") is a natural person and is a citizen of the

Western District of Texas and was present in the Western District of Texas during all calls at

issue in this case.

2.      Defendant AMERICOR FUNDING, LLC d/b/a AMERICOR FINANCIAL ("Americor")

is a corporation organized and existing under the laws of Delaware with its principal address at

18200 Von Karman Avenue, Suite 600, Irvine, California 92612 and is a foreign limited liability

1

company registered in Texas and can be served via its registered agent Business Filings Incorporated at 701 Brazos Street, Suite 720, Austin, TX 78701.

3.      Defendant BANIR GANATRA ("Banir") is a natural person, resident of California, and President of Defendant Americor and can be served at 27 Sage CRK, Irvine, California, 92603 or at 825 E Dilido Drive, Miami Beach, Florida 33139.

4.      Unnamed Party EmpowerPeople ("Empower") is an unidentified offshore telemarketing company that makes solicitation phone calls at the instruction, direction, and oversight of Defendants Americor and Banir.

5.      Defendants Americor, and Banir are hereinafter collectively referred together as "Defendants".

## NATURE OF ACTION

6.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

7.      Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Empower placed unauthorized phone calls to him on behalf of Defendants Americor and Banir in violation of the TCPA.

8.      Plaintiff never consented to receive any of these phone calls, which were placed to him for telemarketing purposes.

## JURISDICTION AND VENUE:

2

9.      This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

10.     This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendant's telemarketing calls to Plaintiff, and adds little complexity to the case, so it is unlikely to predominate over the TCPA claims.

11.     This Court has personal jurisdiction over Defendant because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant regularly conduct business in the State of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

13.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

14.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

3

15.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

16.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

17.     Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

18.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

19.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

20.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

21.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

4

the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any goods or service.

22.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

23.     The FCC confirmed this principle in 2013, when it explained that "a seller …may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." In the Matter of the Joint Petition Filed by Dish Network LLC, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

24.     Under the TCPA, a text message is a call. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

## FACTUAL ALLEGATIONS:

25.     Plaintiff successfully registered his personal cell phone number ending in -5579 on the National Do-Not-Call Registry since January 3, 2023, which was more than 31 days prior to receiving the alleged calls.

26.     Plaintiff successfully registered his personal cell phone number ending in -8351 on the National Do-Not-Call Registry since April 6, 2023, which was more than 31 days prior to receiving the alleged calls.

27.     Plaintiff never asked the National Do-Not-Call Registry administrator to remove his

phone number from the National Do-Not-Call Registry and Plaintiff was on the National Do-

Not-Call Registry at all times relevant to this Complaint.

28.     Defendant Americor is owned and operated by Defendant Banir.

29.     As part of their marketing, Defendant Banir hired and instructed an anonymous offshore

telemarketing company named Empower People ("Empower") to make phone calls on behalf of

Defendant Americor to tele solicit their debt relief services.

30.     Empower unknown entity, that through information and belief, is located offshore and

out of the jurisdiction of the United States and the State of Texas.

31.     Empower makes solicitation telephone calls at the direction, instruction, and guidance of

Defendants Americor and Banir.

32.     Defendant Banir approves of the contracts with Empower.

33.     Defendant Banir authorizes the payments to Empower.

34.     Defendant Banir pays Empower out of bank accounts Defendant Americor owns and

controls.

35.     Defendants Americor and Banir generate substantial profits from soliciting its services

through illegal telemarketing.

36.     On May 2, 2023, Plaintiff sent an email to Defendants Americor and Banir advising them

Plaintiff had received multiple unauthorized solicitation phone calls to his phone ending in 5579

from telemarketers calling on behalf of Defendant Americor.

37.     On May 25, 2023, Plaintiff and Defendant Americor entered a confidentiality settlement

agreement that resolved their matters regarding the unauthorized calls Plaintiff received in

paragraph 28 of this complaint.

6

38.     Plaintiff provided Defendant Americor with all phone numbers Plaintiff's owns to add to Defendant Americor's internal do not call list.

39.     Plaintiff's phone numbers ending in 5579 and 8351 were among two of the phone numbers Plaintiff provided to Defendant Americor on May 25, 2023 to add to their internal do not call list.

40.     Defendant Americor was well aware Plaintiff was not interested in their services and did not want to receive any solicitation calls to any of his personal cell phones.

41.     Despite Plaintiff providing Defendant Americor with his phone numbers, Plaintiff received at least fifty-seven (57) additional unauthorized calls ("the calls") to Plaintiff's phone numbers ending in 5579 and 8351 from Empower calling on behalf Defendant Americor soliciting debt relief services.

42.     Defendant Americor failed to provide Empower with Plaintiff's phone numbers 5579 and 8351 to remove from Empower's calling list.

43.     The alleged calls came after the Plaintiff and Defendant Americor entered in a confidentiality settlement agreement on May 25, 2023.

44.     The alleged calls were made to Plaintiff by using a prerecorded voice message or automated text message.

45.     The prerecorded voice messages and automated text messages were soliciting debt relief services on behalf of Defendant Americor.

46.     The prerecorded voice messages and automated text messages do not identify Defendant Americor.

47.     The prerecorded voice messages and automated text messages left call back numbers for Plaintiff to call.

7

48.     Plaintiff received one of the following prerecorded voice messages on some of the

alleged calls that stated,

"Important Notification empower people has a crucial message regarding your financial assistance account you've been pre-approved for a financial assistance program that could be the key to your financial liberation struggling with more than $10,000 in unpaid financial commitments we have your answer dial 855-451-6766 immediately to access the government supported financial relief program this can be used to address medical bills credit card liabilities anything that's been hindering you make sure eradicating $23,923 from your financial obligations today if you're sinking in over $10,000 in unpaid financial commitments this is your golden opportunity time is of the essence 855-451-6766."

"Greeting you've got a vital message from empowered people regarding your financial assistance account congratulations you've been selected for an exceptional financial assistance program aimed to lay the foundation for your financial autonomy struggling with $10,000 or more in outstanding obligation here as your support line reach us on 844-216-1538 promptly to explore our government authorized financial relief program you can apply it towards any standing liabilities be it medical bills credit card balances or any other monetary barriers picture wiping a whole $23,923 off your financial responsibilities today if you're bearing over $10,000 in unpaid commitment consider this as your shining opportunity time is of essence 844-216-1538."

"Important notification empower people has a crucial message regarding your financial assistance account you've been pre-approved for a financial assistance program that could be the key to your financial liberation struggling with more than $10,000 in unpaid financial commitments we have your answer dial 1-888-370-0494 immediately to access the government supported financial relief program this can be used to address medical bills credit card liabilities anything that's been hindering you picture eradicating $23,923 from your financial obligations today if you're thinking in over $10,000 in unpaid financial commitments this is your golden opportunity time is of the essence 1-888-370-0494."

"Today is Friday June 23rd when you get this message could you please call me back at 855-552-0742 attention this is an urgent message from empower people about your financial assistance account you've been selected for a financial assistance program designed to open the door to your financial independence and combined with more than $10,000 in unsettled financial obligations we have your lifeline call 855-552-0742 instantly to learn about our government endorsed financial relief program apply it towards any outstanding medical bills credit card liabilities anything that's been a hurdle visualize clearing $23,923 off your financial responsibilities today if you're shouldering over $10,000 in unpaid commitments this is your golden ticket time is ticking 855-552-0742."

49.     Plaintiff called the numbers left in the prerecorded voice messages and automated text

messages and would be connected to telemarketers from Empower.

50.     The telemarketers from Empower solicited Plaintiff for debt relief services and transferred Plaintiff to representatives from Defendant Americor.

51.     The representatives from Americor solicited Plaintiff for a debt relief program on behalf of Defendant Americor.

52.     One of the telemarketers from Empower stated to Plaintiff they were the "marketing company" for Defendant Americor.

53.     Two of the representatives from Defendant Americor advised Plaintiff they purchase client leads from Empower.

54.     The alleged calls were all made to Plaintiff knowingly and willfully.

55.     Plaintiff did not give his prior express written consent to receive any of the alleged calls.

56.     Plaintiff on multiple occasions advised the telemarketers from Empower to stop calling his personal cell phones 5579 and 8351.

57.     Plaintiff on multiple occasions advised the representatives from Defendant Americor to stop calling his personal cell phones 5579 and 8351.

58.     Defendant Americor shares a portal database with Empower which allows Empower to transfer new client leads directly to Defendant Americor.

59.     Plaintiff never gave his prior express written consent to receive any of the alleged calls and/or text messages.

60.     None of the alleged calls/text messages were made to Plaintiff for emergency purposes.

61.     Plaintiff received the following calls/text messages in Table A to his phone ending in 5579 from Empower calling on behalf of Defendants Americor and Banir:

Table A:

| 5579 | | | | |
|------|--|--|--|--|

| | | | | |
|---|---|---|---|---|
| 6/12/2023 | 1:51 PM | 385-297-0209 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18775414680Stop to opt out Stop to End |
| 6/15/2023 | 8:21 AM | 201-422-2181 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +18883031135 Stop to opt-out Stop to end |
| 6/16/2023 | 6:31 PM | 207-819-8431 | Automated Text Message | EmpowerPeople: Rodney Kibizoff, the relief application you submitted has been approved. Call now: +18555441504 Stop to opt-out Stop to end |
| 6/19/2023 | 12:05 PM | 207-819-8582 | Automated Text Message | EmpowerPeople:Rod ney Kibizoff, the relief application you submitted has been approved. Call now: +18338851251 Stop to opt-out Stop to end |
| 6/21/2023 | 10:23 AM | 806-207-3190 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 6/21/2023 | 8:13 AM | 201-422-2181 | Automated Text Message | EmpowerPeople:Rod ney Kibizoff, the relief application you submitted has been approved. Call now: +18555602958 Stop to opt-out Stop to end |
| 6/21/2023 | 10:22 AM | 806-207-3190 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 6/21/2023 | 10:44 AM | 806-207-3190 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 6/26/2023 | 12:05 PM | 916-439-8117 | Automated Text Message | Liability free: We hope this message |

| | | | | |
|---|---|---|---|---|
| | | | | reaches you RODNEY. Its not to late to enroll if you call today: +18553430131 to opt out Stop to End |
| 6/29/2023 | 10:12 AM | 385-297-0209 | Automated Text Message | Liability free: We hope this message reaches you RODNEY. Its not to late to enroll if you call today: +18778913018 to opt out Stop to End |
| 7/7/2023 | 12:36 PM | 207-819-8431 | Automated Text Message | EmpowerPeople:Rodney Kibizoff, the relief application you submitted has been approved. Call now: +18883700494 Stop to opt-out Stop to end |
| 7/12/2023 | 12:07 PM | 385-297-0209 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18332305703 Stop to opt out Stop to End |
| 7/18/2023 | 4:55 PM | 385-297-0254 | Automated Text Message | Liability free: We hope this message reaches you RODNEY. Its not to late to enroll if you call today: +18335309783 to opt out Stop to End |
| 7/20/2023 | 10:58 AM | 979-246-0710 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 7/24/2023 | 9:02 AM | 979-246-0704 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 7/24/2023 | 9:14 AM | 979-227-3274 | Prerecorded Message | Left call back phone number 844-216-1538 |

| | | | | |
|---|---|---|---|---|
| 7/24/2023 | 9:02 AM | 979-246-0704 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 7/25/2023 | 9:35 AM | 339-220-6460 | Automated Text Message | EmpowerPeople:Rodney Kibizoff, the relief application you submitted has been approved. Call now: +18334485519 Stop to opt-out Stop to end |
| 7/31/2023 | 3:00 PM | 571-639-4029 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 8/1/2023 | 3:19 PM | 339-220-6454 | Automated Text Message | EmpowerPeople:Rodney Kibizoff, the relief application you submitted has been approved. Call now: +18334485519 Stop to opt-out Stop to end |
| 8/2/2023 | 4:22 PM | 571-639-4029 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 8/16/2023 | 3:23 PM | 385-279-2422 | Automated Text Message | EmpowerPeople:Rodney Kibizoff, the relief application you submitted has been approved. Call now: +8884841023 Stop to opt-out Stop to end |
| 8/16/2023 | 3:23 PM | 916-439-8117 | Automated Text Message | Liability free: We hope this message reaches you RODNEY. Its not to late to enroll if you call today: +8333901651 to opt out Stop to End |

62.    Plaintiff received the following calls/text messages in Table B to his phone ending in 8351 from Empower calling on behalf of Defendants Americor and Banir:

Table B:

| 8351 | | | | |
|---|---|---|---|---|
| 5/26/2023 | 8:10 AM | 806-207-3190 | Prerecorded Message | Left call back phone number 877-331-2381 |
| 5/30/2023 | 1:16 PM | 806-207-3190 | Prerecorded Message | Left call back phone number 877-331-2381 |
| 5/30/2023 | 3:24 PM | 806-207-3190 | Prerecorded Message | Left call back phone number 877-331-2381 |
| 5/31/2023 | 11:48 AM | 817-285-5323 | Prerecorded Message | Left call back phone number 877-331-2381 |
| 6/8/2023 | 9:08 AM | 916-439-8117 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18338751056 Stop to opt out Stop to End |
| 6/12/2023 | 1:37 PM | 385-297-0220 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18775414680 Stop to opt out Stop to End |
| 6/12/2023 | 4:00 PM | 385-297-0220 | Prerecorded Message | Left call back phone number 877-331-2381 |
| 6/19/2023 | 10:59 AM | 201-692-5244 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +18338851251Stop to opt-out Stop to end |
| 6/20/2023 | 8:26 AM | 385-297-0254 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +8555541149 Stop to opt out Stop to End |
| 6/21/2023 | 8:58 AM | 201-692-5244 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +18555602958 Stop to opt-out Stop to end |
| 6/21/2023 | 10:22 AM | 806-207-3190 | Prerecorded Message | Left call back phone number 855-451-6766 |
| 6/21/2023 | 10:44 AM | 806-207-3190 | Prerecorded Message | Left call back phone number 855-451-6766 |
| 6/23/2023 | 5:04 PM | 713-532-9605 | Prerecorded Message | Left call back phone number 855-534-0295 |
| 6/27/2023 | 3:14 PM | 385-297-0220 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18553430131 Stop to opt out Stop to End |

13

| | | | | |
|---|---|---|---|---|
| 6/29/2023 | 5:12 PM | 916-439-8117 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18778913018 Stop to opt out Stop to End |
| 6/30/2023 | 8:29 AM | 916-439-8109 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18445612636 Stop to opt out Stop to End |
| 7/5/2023 | 8:42 AM | 201-422-2181 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +8883700494 Stop to opt-out Stop to end |
| 7/7/2023 | 9:27 AM | 207-819-8582 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +18883700494 Stop to opt-out Stop to end |
| 7/12/2023 | 8:23 AM | 201-422-2181 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +8333901651 Stop to opt-out Stop to end |
| 7/12/2023 | 8:51 AM | 385-297-0254 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18332305703 Stop to opt out Stop to End |
| 7/14/2023 | 8:36 AM | 979-232-5900 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 7/17/2023 | 12:04 PM | 979-232-5989 | Prerecorded Message | Left call back phone number 844-216-1538 |
| 7/18/2023 | 11:41 AM | 385-297-0220 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18335309783 Stop to opt out Stop to End |
| 7/18/2023 | 8:29 AM | 201-692-5244 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +18334485519 Stop to opt-out Stop to end |
| 7/25/2023 | 8:07 AM | 979-232-5900 | Prerecorded Message | Left call back phone number 877-331-2381 |
| 7/25/2023 | 8:52 AM | 339-220-6467 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +18334485519 Stop to opt-out Stop to end |
| 7/31/2023 | 1:15 PM | 339-220-6467 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +18334485519 Stop to opt-out Stop to end |
| 7/31/2023 | 10:21 AM | 351-219-0125 | Prerecorded Message | Left call back phone number 877-331-2381 |

| | | | | |
|---|---|---|---|---|
| 8/1/2023 | 9:41 AM | 720-912-7604 | Prerecorded Message | Left call back phone number 877-331-2381 |
| 8/1/2023 | 10:50 AM | 339-220-6460 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +18334485519 Stop to opt-out Stop to end |
| 8/8/2023 | 10:28 AM | 385-297-0220 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18333901651 Stop to opt out Stop to End |
| 8/15/2023 | 9:09 AM | 339-220-6467 | Automated Text Message | EmpowerPeople:, the application you submitted has been approved. Call now: +8884841023 Stop to opt-out Stop to end |
| 8/16/2023 | 9:32 PM | 916-439-8117 | Automated Text Message | Liability free: We hope this message reaches you. Its not to late to enroll if you call today: +18333901651 Stop to opt out Stop to End |
| 8/17/2023 | 9:42 AM | 639-449-5160 | Automated Text Message | do NOT let debt destroy you and ruin your credit. We will help! Call now: 888-676-0462. |

63.    Defendants Americor and Banir employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

64.    Defendants Americor and Banir have knowledge of and have adopted and maintained TCPA violations as a sales strategy for their financial gain.

65.    Defendants Americor and Banir refuse to take any action to stop or curtail the unlawful sales practices that violate the TCPA because these practices benefit Defendants Americor and Banir financially.

66.    Defendants Americor or Banir are not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitation calls into Texas.

67.    The https://direct.sos.state.tx.us/telephone/telephonesearch.asp website ("Texas Registration Database") does not contain Defendants Americor or Banir's registration.

68.     Defendants Americor or Banir do not qualify for an exemption under § 302.053.

69.     Upon information and belief, Defendants Americor and Banir did not train Empower or their representatives who engaged in telemarketing on the existence and use of Defendant Americor's internal do not call policy as they failed to recognize Plaintiff's personal cell phones 5579 and 8351 are registered on the National Do-Not-Call Registry.

70.     Such conduct violates the TCPA and its implementing regulations, 47 CFR § 64.1200(d)(3)(requiring telemarketers to honor and record DNC requests when made).

71.     Plaintiff was harmed by the alleged calls. Plaintiff was temporarily deprived of legitimate use of his phones because the phone lines were tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephones for lawful purposes.

## VICARIOUS LIABILITY OF DEFENDANT AMERICOR

72.     Defendant Americor is vicariously liable for the telemarketing calls that generated the lead on their behalf.

73.     The FCC is tasked with promulgating rules and orders related to enforcement of the TCPA. 47 U.S.C. § 227(b)(2).

74.     The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

75.    The FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565 ¶ 10 (2008) (recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

76.    The FCC confirmed this principle in a declaratory ruling holding that sellers such as Post may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because sellers may have thousands of independent marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) (footnote omitted)

(alteration marks and internal quotation marks omitted).

77.    More specifically, *Dish* held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id.* at 6586 ¶ 34.

78.    The ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.* at 6587 ¶ 36 & n.107.

79.     To the contrary, the FCC—armed with extensive data about robocalls and Americans' complaints about them—determined that vicarious liability is essential to serve the TCPA's remedial purpose of protecting Americans from "unwanted telemarketing invasions." *Id.* at 6587 ¶ 36.

80.     Vicarious liability is important because reputable, traceable, and solvent companies that benefit from illegal telemarketing are "in the best position to monitor and police TCPA compliance by third-party telemarketers." *Id.* at 6588 ¶ 37.

81.     Defendant Americor is legally responsible for ensuring that Empower that makes telemarketing calls on behalf of Defendant Americor comply with the TCPA when so doing.

82.     Defendant Americor knowingly and actively accepted business from Empower that originated through illegal telemarketing.

83.     Defendant Americor knew (or reasonably should have known) that Empower was violating the TCPA on their behalf but failed to take effective steps within their power to force the telemarketer to cease that conduct.

84.     By hiring a company to make calls on its behalf, Defendant Americor "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency ("Restatement").

85.     Moreover, Defendant Americor maintained interim control over the actions of Empower.

86.     For example, Defendant Americor had absolute control over whether, and under what circumstances, they would accept a customer from Empower.

87.     Furthermore, Defendant Americor had day-to-day control over Empower including the ability to prohibit them from using a prerecorded voice message to contact potential customers of Defendant Americor and the ability to require them to respect the National Do Not Call Registry.

88.     Defendant Americor also gave interim instructions to Empower by providing lead-qualifying instructions and lead volume limits.

89.     Defendant Americor donned Empower with apparent authority to make the calls at issue. Thus, Empower pitched Defendant Americor's debt relief services in the abstract.

90.     Apparent authority turns on whether a third party believes the principal authorized its agent to act and the belief is "traceable" to a manifestation of the principal. Restatement § 2.03 cmt. c.

91.     "[A]pparent authority can arise in multiple ways and does *not* require that 'a principal's manifestation must be directed to a specific third party in a communication made directly to that person.'" *Dish*, 28 FCC Rcd. at 6586 ¶ 34 n.102 (quoting Restatement § 2.03 cmt. c).

92.     A principal may make a manifestation "by directing an agent to make statements to third parties or directing or designating an agent to perform acts or conduct negotiations, placing an agent in a position within an organization, or placing an agent in charge of a transaction or situation." Restatement § 2.03 cmt. c.

93.     Empower transferred customer information, including Plaintiff's contact information, directly to Defendant Americor. Thus, Empower had the "ability . . . to enter consumer information into the Defendant Americor 's sales or customer systems," which the FCC has explained to show apparent agency. *Dish*, 28 FCC Rcd. at 6592 ¶ 46.

94.     Finally, the FCC has held that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a

19

reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

95.     Defendant Americor is the liable party as the direct beneficiary of the illegal telemarketing calls as they stood to gain Plaintiff as a customer when Empower solicited Plaintiff for debt relief services on behalf of Defendant Americor.

## DEFENDANT BANIR IS PERSONALLY LIABLE

96.     Defendant Banir refuses to take any action to stop or curtail the unlawful sales practices and illegal unauthorized phone calls because these practices benefit Defendant Banir financially consumers enroll into a debt relief program from Defendant Americor.

97.     "If the officer directly participated in or authorized the statutory violation, even though acting on behalf of the corporation, he may be personally liable. See *United States v Pollution Serv. Of Oswego, Inc.*, 763 F.2d 133, 134-135 (2nd Cir.1985)

98.     The "well-settled" tort rule provides that "when corporate officers directly participate in or authorized the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable." *General Motos Acceptance Corp. v. Bates*, 954 F.2d 1081, 1085 (5th Cir. 1992). The Fifth Circuit has elaborated that "the thrust of the general [tort] rule is that the officer to be held personally liable must have some direct, personal participation in the tort, as where the defendant was the 'guiding spirit' behind the wrongful conduct....or the 'central figure' in the challenged corporate activity." *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cirt. 1985) (Citing *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F. 2d 902, 907 (1st Cir.1980)) (Citing *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001)

99. Quoting Texas v. American Blastfax:

The Court finds the above principles applicable to the TCPA that is, an officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly (and here, knowingly and willfully) violate the TCPA should not escape liability solely because they are corporate officers. As the State persuasive argues, to hold otherwise would allow the individual defendants to simply dissolve Blastfax, set-up a new shell corporation, and repeat their conduct. Congress surely did not intend to permit such a result in passing the TCPA.

To be clear, the Court finds Greg and Michael Horne were the "guiding spirits" an the "central figures" behind the TCPA violations. They were the two persons who controlled all of Blastfax's day-to-day operations. They both had direct, personal involvement in and ultimate control over every aspect of Blastfax's wrongful contuct that violate the TCPA, and/or directly controlled and authorized this conduct. And they did so with their eyes and pocketbooks wide open. After October 5, 2000, Greg and Michael Horne had good reason to believe they were running a business that violated the TCPA. On February 9, 2001, they knew they were. Yet they continued to direct their company to send unsolicited intrastate fax advertisements. This is fare more than a simple derivative liability case. Accordingly, the Court *899 holds defendants Greg and Michael Horne are jointly and severally liable with Defendant Blastfax, Inc., for all TCPA damages in this lawsuit." Texas v. American Blastfax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001)

100.    The Same Court held that corporate officers were also personally liable for DTPA violations

The State contends Greg and Michael Horne are personally liable for any DTPA damages because they were solely responsible for the violating conduct.....For the same reasons discussed in finding the individual defendants personally liable under the TCPA, the Court agrees. See, e.g., *Barclay v. Johnson*, 686 S.W.2d 334, 336-37 (Tex. Civ. App.-Houston [1ST Dist.] 1985, no writ) (finding personal liability for corporate officer in DTPA misrepresentation claim, based on general rule that "a corporate agent knowingly participating in a tortious of fraudulent act may be held individually liable, even though he performed the act as an agent for the corporation......Accordingly, the Court finds defendants American Blastfax, Inc., Greg Horne and Michael Horne are jointly and severally liable for $6,000 in damages for their violations of the DTPA." *Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001

21

101.    At all times material to the Complaint, acting alone or in concert with others,
Defendant Banir has formulated, directed, controlled, had the authority to control, or
participated in the acts and practices of Defendant Americor including the acts or practices
set forth in this Complaint.

102.    Defendant Banir is the principal director and operator of Defendant Americor controls
the day-to-day operations of Defendant Americor and directed Empower to make TCPA
violating phone calls to solicit debt relief services on behalf of Defendant Americor.

103.    Defendant Banir knowingly and willfully ignores the law. These violations are the direct
result of the instructions Defendant Banir has given to Empower.

104.    Defendant Banir is not merely a bystander and is the mastermind that schemed, planned,
directed, initiated, and controlled the illegal and fraudulent behavior.

105.    Defendant Banir is well aware his conduct violated the TCPA and Tex. DPTA and
refused to alter his behavior.  Defendant Banir is the sole director of Defendant Americor and
the only person with the power to make the unlawful, fraudulent, and unethical behavior
stop.  Yet, Defendant Banir has taken no steps to stop the behavior because the behavior
benefits Defendants Americor and Banir financially.

106.    Defendant Banir should be held jointly and severally liable for both the TCPA violations
and via the Tex. DTPA because he actually committed the conduct that violated the TCPA
and Tex. DTPA, and/or he actively oversaw and directed this conduct.

107.    Defendant Banir should be held liable because to do otherwise would simply allow him
to dissolve Defendant Americor and set up a new corporation and repeat his conduct.  This
would result in both the TCPA and DTPA being unenforceable.

22

## THE TEXAS BUSINESS AND COMMERCE CODE 305.053

108.    The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

109.    The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101

110.    The actions of the Defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

111.    Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

112.    The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

113.    Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

114.    Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek

23

damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

115.    Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the
functionality of his phone decreased because of unnecessary charging, erosion of phone memory,
and had his privacy invaded by the harassing telemarketing calls.

116.    The calls harmed the Plaintiff by causing the very harm that Congress sought to prevent a
"nuisance and invasion of privacy."

117.    Plaintiff has been annoyed, harassed, and irritated by unauthorized calls placed by
Empower on behalf of Defendants Americor and Banir.

118.    The calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights
and interests in Plaintiff's cellular telephone by placing unwanted telemarketing calls to the
Plaintiff.

## THE PLAINFF'S CELL PHONES ARE RESIDENTIAL NUMBERS

119.    The calls were to the Plaintiff's cellular phones 5579 and 8351 which are the Plaintiff's
personal cell phones that he uses for personal, family, and household use. The Plaintiff maintains
no landline phones at his residence and has not done so for at least 10 years and primarily relies
on cellular phones to communicate with friends and family. The Plaintiff also uses his cell
phones for navigation purposes, sending and receiving emails, timing food when cooking, and
sending and receiving text messages. The Plaintiff further has his cell phones registered in his
personal name and pay the cell phone from his personal accounts.

## CAUSES OF ACTION:

### COUNT ONE:
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing
Without Prior Express Written Consent**

24

**(Against All Defendants)**

120.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

121.    Defendants and/or their affiliates or telemarketers violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), at least fifty-seven (57) times by placing non-emergency telemarketing calls to Plaintiff's cellular telephone number using an automatic telephone dialing system without his prior express written consent.

122.    Plaintiff was statutorily damaged at least fifty-seven (57) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 per call.

123.    Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount to $1,500.00 as permitted under U.S.C. § 227(b)(3)(C) for each and every willful and/or knowing violation.

124.    Plaintiff is also entitled to and does seek an injunction prohibiting Defendants and their affiliates and agents from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency telemarketing calls to any cellular telephone number using a prerecorded voice message and/or without prior express written consent.

## COUNT TWO:

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**
**(Against All Defendants)**

125.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

126.     Defendants and/or their affiliates or telemarketers called Plaintiff's private residential telephone numbers which were successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

127.     Plaintiff was statutorily damaged at least fifty-seven (57) times under 47 U.S.C. § 227(c)(3)(F) by Defendants by the telemarketing calls described above, in the amount of $500.00 per call.

128.     Plaintiff was further statutorily damaged because Defendants willfully and/ or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful and/or knowing violation.

129.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT THREE:

### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against All Defendants)

130.     Plaintiff incorporates the forgoing allegations as if fully set forth herein.

131.     The foregoing acts and omissions of Defendants constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

    a.   A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1)[2];

    b.   Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

    c.   In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

132.   Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

133.   Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## COUNT FOUR

### (Violations of The Texas Business and Commerce Code 305.053)
### (Against All Defendants)

134.   Plaintiff incorporates the foregoing allegations as if set forth herein.

135.   The foregoing acts and omissions of Defendants or telemarketers constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 et seq. The Defendant violated 47 U.S.C. § 227(d) and 47 U.S.C. § 227(d)(3) and 47 U.S.C. § 227(e) by using a prerecorded

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

voice message that does not comply with the technical and procedural standards under this subsection.

136.   Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. **Texas Business and Commerce Code 305.053(b).**

137.   Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c).

**COUNT FIVE**

**Violations of The Texas Business and Commerce Code 302.101**

Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

138.   The foregoing acts and omissions of the Defendants and/or their affiliates or telemarketers or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone numbers.

139.   Plaintiff is entitled to an award of up to $5,000 in damages for each violation of Texas Business and Commerce Code 302.302(a).

140.   Plaintiff is entitled to an award for all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.  Texas Business and Commerce Code 302.302(d).

141.   Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Manuel Guadian prays for judgment against the Defendants severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.      An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $1500 per call in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporation and individual for fifty-seven (57) calls.

E.      An award of $1500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporation and individual for fifty-seven (57) calls.

F.      An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053 intentional violations jointly and severally against the corporation and individual for fifty-seven (57).

G.      An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation and individual for twenty-two (22) calls.

H.      An award to Mr. Guadian of damages, as allowed by law under the TCPA and Texas state law;

I.   An award to Mr. Guadian of interest, costs, and attorneys' fees, as allowed by law

and equity.

J.   Such further relief as the Court deems necessary, just, and proper.

August 18, 2023,                    Respectfully submitted,

Manuel Guadian
Plaintiff, Pro Se
3805 Tierra Fiji Ln
El Paso, Texas 79938
915-472-5579
915-588-8351
maguadianjr@gmail.com

30