FILED
November 09, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_\_\_Javier Martinez\_\_\_\_
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | § | |
|---|---|---|
| **MANUEL GAUDIAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **AMERICOR FUNDING LLC dba AMERICOR** | § | Case No. 3:23-cv-00310-KC |
| **FINANCIAL**, a Delaware Corporation | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT AMERICOR FUNDING LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Comes Now Plaintiff Manuel Guadian with his response to Defendant Americor Funding LLC's ("Defendant" or "Americor") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for Failure to State a Claim and will state and show as follows:

"When faced with a Rule 12(b)(6) motion to dismiss…courts must…accept all factual allegations in the complaint as true. We must also draw all reasonable inferences as in the plaintiff's favor." *Lormand v. US Unwired, Inc*., 565 F.3d 228, 232 (5th Cir. 2009) (internal citations omitted). The Court considers only "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Ferguson v. Bank of New York Mellon Corp*., 802 F.3d 777, 780 (5th Cir. 2015) (internal quotations omitted). Given the assumption of factual allegations, the Defense's requests have little merit and should be denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his Original Complaint on August 18, 2023. Defendant was served with

Plaintiff's Original Complaint on August 28, 2023.  On September 18, 2023, Defendant filed a Motion to Dismiss Plaintiff's Original Complaint.  On October 3, 2023, Plaintiff filed an Amended Complaint and mooted Defendant's Motion to Dismiss.  On October 18, 2023, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint.

## II.   ARGUMENTS AND AUTHORITIES

### A.   *Plaintiff's robocall claim under 47 U.S.C. § 227(b)(1)(A(iii) claims*.

47 U.S.C. 227(b)(1)(A)(iii) states "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice.  The statute makes an ATDS, artificial voice, or prerecorded voice ALL illegal.  Plaintiff only needs any ONE of the three to have a claim under 227(b).  Plaintiff has clearly shown that Defendant placed prerecorded voice calls to Plaintiff.   FAC ¶ 48, Table A, and Table B.  Therefore, Plaintiff need not prove an ATDS was used in order to have a valid claim under 227(b).  Therefore, the Court should deny in full Defendant's motion to dismiss Plaintiff's 227(b) claims on the premise Plaintiff did not adequately prove an ATDS was used.

### B.   *Plaintiff's claim under 47 C.F.R. § 64.1200(c)(2) claims – Vicarious Liability of Beyond Finance LLC*

Plaintiff's remaining claims are all dependent upon Plaintiff proving Defendant is vicariously liable for the phone calls and text messages at issue in this Complaint.  At this stage Plaintiff only need to prove vicariously liability is plausible because Plaintiff is at a disadvantage because he has not had the benefit of discovery.  Plaintiff cannot reasonably be expected to know the exact relationship between the Defendant and the anonymous telemarketer that was making phone calls on behalf of Defendant.  However, Plaintiff can make reasonable inferences.

Plaintiff asserts that Defendant maintained interim control over the actions of the telemarketer Empower.  FAC ¶ 109.  Plaintiff set under what conditions the Defendant would accept live transfers from the anonymous telemarketer.  For instance, debt level, bankruptcy status, state of residency, and income level are all qualifiers the Defendant dictated be followed by the anonymous telemarketer.  FAC ¶ 91(a)-(e.)  Plaintiff asserts that Empower makes solicitation phone calls at the direction, instruction, and guidance of Americor.  FAC ¶ 33.  Plaintiff asserts that Defendant knew or reasonably should have known that their telemarketers were making TCPA-violating phone calls on their behalf.  Plaintiff's First Amended Complaint ¶ 90.  Plaintiff further asserts that Defendant had day-to-day control over the actions of the telemarketers.  FAC ¶ 107.  These assertions can only be proven during Discovery because Plaintiff does not, and cannot be expected to, have access to the inner workings and contractual relationship that ultimately will determine the control Defendant exercised over the telemarketers.  Therefore, Plaintiff's claims under 227(c) should be upheld until Plaintiff has at least had the benefit of discovery.

### C. *Defendant Does not have an exemption from Telephone Solicitation Registration*

Defendant has a Texas registration as a Debt Management and Settlement Provider as a Consumer credit counseling service.  However, their business does not qualify for any exemption under TBCC 302.053(1)-(9).

**CONCLUSION**

For all of these reasons Defendant's motion to dismiss claims under 47 U.S.C. § 227(b)(1)(A)(iii) ,47 C.F.R. 64.1200(c), and Texas Business and Commerce Code § 302.101 should be denied.  Alternatively, the Court should allow Plaintiff the benefit of limited discovery in order to ascertain the relationship between Defendant and the telemarketer that placed the phone calls on behalf of Defendant.

November 9, 2023,                                    Respectfully submitted,

                                               Manuel Guadian
                                               Plaintiff, Pro Se
                                               3805 Tierra Fiji Ln
                                               El Paso, Texas 79938
                                               915-472-5579
                                               maguadianjr@gmail.com

## **CERTIFICATE OF SERVICE**

      I certify that on November 9, 2023, I, Manuel Guadian served a true and correct copy of Plaintiff's Response to Defendant Americor's Motion to Dismiss Plaintiff's First Amended Complaint to defense counsel to the email addresses below:

      eingle@munsch.com
      troutman@troutmanfirm.com
      puja@troutmanfirm.com
      tori@troutmanamin.com

                                               */s/ Manuel Guadian*
                                               Plaintiff, Pro se